## PERGRIN v
## JOHN HANCOCK MUTUAL LIFE INS CO

Ohio Appeals, 9th Dist, Summit Co

No 2682. Decided June 15, 1936

W. E. Pardee, Akron, and C. T. Moore, Akron, for plaintiff in error.

Musser, Kimber & Huffman, Akron, for defendant in error.

### OPINION

By STEVENS, J.

This cause is before this court upon error proceedings, the positions of the parties being the same as in the trial court, and reference will be made to said parties as they there appeared.

Plaintiff brought suit against defendant to recover upon a straight life policy of life insurance issued by defendant upon the life of Max V. Pergrin, plaintiff's husband. The amount of said policy was $5,000, the policy having been issued on July 11, 1922, when the insured was 23 years of age. Premiums originally were payable annually in advance, but from July 11, 1930, the premiums were paid in quarterly installments in advance, and those installments were paid as they became due up to but not including the installment due on April 11, 1934.

The insured, Max V. Pergrin, died on June 7, 1934, after default had been made in the payment of the premium due April 11, 1934; and the plaintiff, at the time of the insured's death, was the designated beneficiary under the provisions of said policy.

Proper proofs in conformity to the policy provisions were duly filed, and on June 26, 1934, plaintiff wrote a letter to defendant, wherein she attempted to make an election in accordance with "Option C" of said policy (to which reference is hereinafter made), and claimed the entire face amount payable under said policy.

Prior to his death, Max V. Pergrin, the insured, had borrowed from the defendant upon his life insurance various sums, which on April 11, 1934, inclusive of interest, aggregated $442.06, and said policy of insurance had therefore been assigned by the insured to the defendant to secure the repayment of said loans, but the terms of that assignment are not shown in the record.

The case proceeded to trial upon an agreed statement of facts, and was tried to the court, a jury having been expressly waived; and the trial resulted in a finding in favor of defendant, except as to an item of $150, liability for payment of which to plaintiff was admitted by defendant.

Judgment was thereafter entered upon said finding, and plaintiff now prosecutes error to this court.

The policy in question contained, among others, the following provisions:

"NON-FORFEITURE OPTIONS. After three full annual premiums shall have been paid hereon, then in case of default in the payment of any subsequent premium or installment continued after the days of grace.

"Option A—Without action on the part of the holder, the policy will be continued for its value in participating paid-up life insurance (without disability or double indemnity benefits) which will have a yearly increasing surrender value in no event less than that required by law; or

"Option B—If the holder so elect, the pol-

icy will be terminated and the surrender value paid in cash; or

"Option C—Upon written request by the holder filed at the home office of the company within ninety days from the due date of the premium in default; the policy will be continued at its face amount including any outstanding additions and less any indebtedness to the company hereon or secured hereby, for its value in participating extended term insurance (without loan privilege or disability or doube indemnity benefits) dating from said due date. Such insurance will have a decreasing surrender value expiring with the extension term."

There having been a conceded default in the payment of the premium due April 11, 1934, and it being further conceded that no action of any kind was taken or election made by the insured after default prior to his decease, two questions are presented under the record:

1. Did plaintiff, the beneficiary, have a right, after default in the payment of premiums, to elect, within the time specified in the policy, under either of options B or C, subsequent to the death of the insured?

2. If plaintiff did not have such right to elect, was she entitled to recover the amount of participating, paid-up life insurance which the entire cash-surrender value at the time of default would have purchased, or only such amount as could have been purchased with the balance of such cash-surrender value remaining after the deduction therefrom of the insured's indebtedness to the defendant insurance company?

With reference to the first question, despite a study of all the cases cited by counsel and an examination of many cases not cited, we have been unable to find any case, with the possible exception of Knapp v John Hancock Mutual Life Ins. Co., 214 Mo. App. 151, involving a policy containing a self-executing option in case of default in payment of premium, where it has been held that the beneficiary named in the policy had, after the death of the insured, the right to make an election, within the time specified in the policy for the exercise of the election, concerning nonforfeiture options contained in the policy.

A very well reasoned opinion, and one which, in our judgment, states the better considered rule, is that of Bumpus v Life & Casualty Ins. Co. of Tenn., 70 SW (2d) 30. That opinion collates the numerous cases which support the conclusion there announced. The case holds as follows:

"Life policy with nonforfeiture provision for automatic paid-up insurance, in absence of insured's exercise, within 90 days after default, of option for alternative nonforfeiture provision, **held** enforceable solely as paid-up policy, though beneficiary, after insured's death without making election, and within 90 days of default, asserted claim for extended insurance * * *."

We are of the opinion that that case, supported by the authorities therein cited, is conclusive of the first question presented by the plaintiff in error, and we accordingly hold that the plaintiff ██ was not entitled, under the provisions of said policy, to elect, after the death of the insured, as to any of the nonforfeiture options, and that the self-executing "Option A" became effective upon the death of the insured, he, prior to his death, not having exercised the right to elect after default in the payment of premiums.

See also, Browne v John Hancock Mut. Life Ins. Co., 180 Atl. 746, syllabus 5.

As to the second question, an examination of the statutes of Ohio shows that the policy issued to the decedent, while differing from the standard form policy provided for in §9412, GC, did include the several requisites required by §9420, GC, and excluded the provisions prohibited by §9421, GC. There was therefore no statutory inhibition against the issuance and acceptance of a policy couched in the terms used in the policy under consideration.

It is contended by the plaintiff in error that she is entitled to have paid to her the amount of a paid-up life insurance policy which could be bought with the entire cash-surrender value of the policy under consideration without first deducting from said cash-surrender value the obligation owing to the insurance company by the insured.

Under the heading "Non-forfeiture Options," the seventh paragraph thereof provides as follows:

"Said surrender value at date of default in payment of premium will be the reserve on the policy * * * less any indebtedness to the company hereon or secured hereby."

And the ninth paragraph thereof provides:

"The paid-up and extended insurance under Options A and C are computed upon the basis of surrender value applied as a net single premium at the attained age of the insured upon the mortality and inter-

est basis adopted for the reserve computation hereunder."

The surrender value of said policy being the reserve on the policy less the insured's indebtedness to the company, and the policy expressly providing that the paid-up insurance under Option A is computed upon the basis of surrender value as above defined, this court, contrary to its impression at the time of argument, is forced to the conclusion that the plaintiff in error was entitled to recover only that amount of paid-up insurance which could be purchased by the difference between the reserve value of said policy and the indebtedness of the insured to the company.

It follows, therefore, that we are of the opinion the conclusion reached by the trial court was correct, and the judgment of that court will accordingly be affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.